## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| HOCHSTADT, et al. | ) ) ) | |
| v. | ) ) | 08-CV-12139-DPW |
| BOSTON SCIENTIFIC CORPORATION, et al. | ) ) ) | |

## MOTION OF CERTAIN ATTORNEYS TO WITHDRAW AS COUNSEL FOR PLAINTIFF ROBERT HOCHSTADT PURSUANT TO L.R. 83.5.2

The undersigned counsel hereby respectfully move the Court to enter the withdrawal of Edwin J. Mills of Stull, Stull & Brody; Robert I. Harwood, Jennifer K. Hirsh and Tanya Khorkhov of Harwood Feffer LLP; Lori G. Feldman, Arvind Khurana, Leigh Smith, Sara Fuks and Jennifer Sosa of Milberg LLP, and Nancy F. Gans of Moulton & Gans, P.C. (hereinafter collectively "Withdrawing Counsel"), as counsel of record for Plaintiff Robert Hochstadt. Withdrawing Counsel shall continue to represent Plaintiff Robert Hazelrig.

The grounds for this Motion are that Plaintiff Hazelrig and Withdrawing Counsel have proposed to the Court a class action settlement pursuant to which a $8.2 million gross settlement fund would be distributed among the approximately 12,000 members of the proposed class.[1] Plaintiff Hochstadt has indicated, both in communications with

---

[1] The proposed class consists of all participants in the Boston Scientific 401(k) Savings Plan for whose individual accounts the Plan held in interest in Boston Scientific common stock at any time from May 7, 2004 through January 26, 2006 inclusive (exclusive of Defendants and certain related persons).

Edwin J. Mills, one of the Withdrawing Counsel,[2] and in an October 21, 2009 letter to the Court transmitted by his new counsel, Joy Hochstadt of Joy Hochstadt P.C., that he will oppose the settlement.

As explained in the accompanying Memorandum of Law, particularly Sections 21.641 and 21.642 of the Manual for Complex Litigation (Fourth), when there is a disagreement between a class representative and class counsel as to the fairness of a proposed class action settlement class counsel should seek leave to withdraw from representing the objecting class representative and the class representative should be allowed new representation. Here, Plaintiff Hochstadt will be in no way prejudiced by the withdrawal of Withdrawing Counsel because he has now retained counsel who can present his objections to the proposed settlement and otherwise represent his interests in this case. In particular, on November 9, 2009 Anne Hoffman (of Lynch, Brewer, Hoffman & Fink LLP) filed a Notice of Appearance of behalf of Plaintiff Hochstadt, and on November 9, 2009 Ms. Hoffman filed a motion for the *pro hac vice* admission of Joy Hochstadt, Esq., to also represent Plaintiff Hochstadt. In view of this Notice of Appearance, and if the *pro hac vice* motion for the admission of Joy Hochstadt is granted, only Anne Hoffman and Joy Hochstadt shall represent Plaintiff Hochstadt in this case.

Withdrawing Counsel further rely upon the Memorandum of Law filed herewith.

---

[2]     *See also* Joint Motion to Stay Proceedings Pending Settlement dated September 22, 2009 at note 1 ("Plaintiff Robert Hochstadt, after discussions with his counsel, Edwin J. Mills of Stull Stull & Brody, has indicated that he will oppose the proposed settlement.").

Dated: November 11, 2009

STULL, STULL & BRODY

By:  s/ Edwin J. Mills
    Edwin J. Mills
    6 East 45th Street
    New York, NY 10017
    (212) 687-7230

    HARWOOD FEFFER LLP
    Robert I. Harwood
    Matthew M. Houston
    Jennifer K. Hirsh
    Tanya Korkhov
    488 Madison Avenue
    New York, NY 10022
    (212) 935-7400

    MILBERG LLP
    Lori G. Feldman
    Arvind Khurana
    Leigh Smith
    Sara Fuks
    One Pennsylvania Plaza
    New York, NY 10119
    (212) 594-5300

    Counsel for Plaintiffs Robert Hochstadt and Robert
    Hazelrig and the Proposed Class

    MOULTON & GANS, P.C.
    Nancy F. Gans
    55 Cleveland Road
    Wellesley, MA  02481
    (781) 235-2246

    Liaison Counsel for Plaintiffs

**CERTIFICATION  PURSUANT TO LOCAL RULES 7.1 AND 37.1**

I, Edwin J. Mills, one of the attorneys for Plaintiffs, hereby certify that I have conferred and attempted in good faith to resolve or narrow the issues raised by the Motion of Certain Attorneys to Withdraw As Counsel For Plaintiff Robert Hochstadt Pursuant to L.R. 83.5.2 dated November 11, 2009. I am one of the "Withdrawing Counsel" referred to in that Motion.  In particular:

1.     On October 23, 2009, I caused a draft of the Withdrawal Motion to be transmitted to counsel for Defendants and to Joy Hochstadt, Esq.  On October 21, 2009 Attorney Hochstadt had transmitted a letter to Judge Woodlock stating, in substance, that she had been retained to represent Plaintiff Robert Hochstadt.  In my October 23, 2009 communication I asked counsel for Defendants and for Attorney Hochstadt to indicate if they would oppose the Withdrawal Motion.

2.     On or about October 26, 2009, I was advised for counsel by Defendants that Defendants would not oppose the Withdrawal Motion.  On October 26, 2009 I advised Attorney Hochstadt that Defendants would not oppose the motion and asked again if Attorney Hochstadt intended to oppose the Motion.

3.     On October 29, 2009, I spoke by telephone with Attorney Hochstadt. Attorney Hochstadt indicated to me, in substance, that she did not intend to oppose the Motion provided that she was admitted *pro hac vice* on behalf of Plaintiff Robert Hochstadt, and that she was at that time taking steps to gain admission *pro hac vice.*

4.     On November 5, 2009, I inquired of Attorney Hochstadt as to the status of her contemplated admission motion.  Attorney Hochstadt responded that day that it was being worked on.

5.     On November 9, 2009, a Notice of Appearance was filed on behalf of Plaintiff Hochstadt by Anne Hoffman (of Lynch, Brewer, Hoffman & Fink LLP).  On that same day Attorney Hoffman filed a motion for the *pro hac vice* admission of Joy Hochstadt.  On November 9, 2009, upon seeing the Notice of Appearance and motion for admission, I again inquired of Attorney Hochstadt whether the Withdrawal Motion could be filed as unopposed.

6.     On November 9, 2009, Attorney Hochstadt responded with a question as to whether a withdrawal motion was necessary and a suggestion that a substitution of counsel be agreed upon in lieu of the Withdrawal Motion. On November 9, 2009, and again on November 11, 2009, Attorney Hochstadt transmitted to me a proposed agreement for substitution of counsel with a request that I execute same.

7.     On November 11, 2009, I communicated to Attorney Hochstadt that a substitution of counsel would not effect the withdrawal of counsel requested by the Withdrawal Motion because, under L.R. 83.5.2, withdrawal of counsel requires "leave of court" if there is a hearing or conference scheduled, which is the case here (a hearing has been

scheduled for January 13, 2010 to consider motions relating to the proposed class action settlement and objections thereto). Accordingly, I advised Attorney Hochstadt of my intention to file the instant Withdrawal Motion.

/s/  Edwin J. Mills
Edwin J. Mills

## <u>CERTIFICATE OF SERVICE</u>

I, Edwin J. Mills, hereby certify that a true copy of the above document was served upon the attorney of record for each party via ECF and upon John Gueli, Robert Hochstadt, Attorney Joy Hochstadt and Anne Hoffman by electronic mail.

/s/  Edwin J. Mills
Edwin J. Mills

5