UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| HOCHSTADT, et al. <br> v. <br> BOSTON SCIENTIFIC CORPORATION, et al. | ) ) ) ) 08-CV-12139-DPW ) ) ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF CERTAIN ATTORNEYS TO WITHDRAW AS COUNSEL FOR PLAINTIFF ROBERT HOCHSTADT PURSUANT TO L.R. 83.5.2**

**Preliminary Statement**

As the Court is aware, Plaintiff Robert Hazelrig and his counsel have proposed a settlement in this class action case which co-Plaintiff Robert Hochstadt has indicated his intention to oppose. For the following reasons, counsel who are proponents of the proposed settlement should be allowed to withdraw from their representation of Plaintiff Robert Hochstadt.[1]

When, as here, one class representative believes that a class settlement proposed by another class representative and class counsel is unfair or otherwise objectionable class counsel proposing the settlement should be allowed to withdraw from representing the objecting class representative, and the objector should be the allowed to select new counsel to assist in stating his objections. Especially is this so when, as here, the

---

[1] Counsel seeking to withdraw from the representation of Plaintiff Robert Hochstadt are Edwin J. Mills of Stull, Stull & Brody; Lori G. Feldman, Arvind Khurana, Leigh Smith, Sara Fuks and Jennifer Sosa of Milberg LLP; Robert I. Harwood, Jennifer K. Hirsh and Tanya Khorkhov of Harwood Feffer LLP, and Nancy F. Gans of Moulton & Gans, P.C. (hereinafter collectively "Withdrawing Counsel").

objecting class representative has already retained his own counsel who can assist in presentation of his objections and otherwise protect his interests in the case.

### The Manual for Complex Litigation (Fourth) Supports Withdrawing Counsel's Motion

Sections 21.641 and 21.642 of the Manual For Complex Litigation (Fourth) address the situation where a class representative believes that a class-wide settlement negotiated by proposed class counsel is unfair or otherwise objectionable. The Manual teaches that both the proponent(s) and opponent(s) of the proposed settlement should be heard by the Court as to the merits of their positions, with the Court having final authority under Fed. R. Civ. P. 23(e) to decide whether to grant preliminary and/or final approval to the settlement. Section 21.641 states that:

> "[a]ttorneys representing a class are responsible for communicating a settlement offer to the class representatives and ultimately to the members of the class. *But the attorneys are also responsible for protecting the interests of the class as a whole, even in circumstances where the class representatives take a position that counsel consider contrary to the interests of absent class members.* Class counsel must discuss with the class representatives the terms of any settlement offered to the class. Approval or rejection of the offer by the representatives, however, does not end the attorneys' obligations, *because they must act in the best interests of the class as a whole.*"

MCL 4th § 21.641(emphasis added) (footnotes and citations omitted).

The Manual further states that "[a]lthough rejection of a proposed settlement by a class representative may influence class counsel not to present the settlement to the court, a class representative cannot alone veto a settlement. . . ." MCL 4th § 21.642. The Manual states that the court should "examine closely" any opposition to settlement by a class representative, such as Plaintiff Hochstadt here, but, again, "a class representative cannot alone veto a settlement, especially one that has been presented to and approved by

the court." *Id*. Although here the proposed settlement has not yet come before the Court for possible approval,[2] the basic principles set forth by the Manual, that a proposed class action settlement is approved, or not, solely in the discretion of the Court with neither the class representative(s) nor class counsel having the final say, are applicable.

### Case Law Supports Withdrawing Counsel's Motion

When faced with a situation where there is a disagreement between a class representative and class counsel as to the fairness of a proposed settlement, courts (sometimes citing the Manual) have allowed class counsel to withdraw from representing the objecting class representative because of a disagreement with respect to a fundamental matter in the representation. When there is such a fundamental disagreement on an important matter class counsel will be hard-pressed to advocate on behalf of the representative objections with which class counsel do not agree; correspondingly, the objecting class representative is entitled to the best available advocacy of his objections to settlement.

In *Heit v. Van Ochten*, 126 F. Supp. 2d 487, 494-95 (W.D. Mich. 2001), the court considered a class representative's objection to a proposed settlement and permitted class counsel to withdraw from representing the objecting class representative. Although in that case the class representative had initially approved the proposed settlement and then opposed it, which is not the case here, the court in *Heit* canvassed the applicable authorities dealing with class counsel's responsibilities when class counsel believe that a settlement is in the best interests of the class as a whole but a class representative opposes

---

[2] By Order entered on October 20, 2009 the Court has scheduled a hearing for January 13, 2010 to consider a motion relating to the proposed class action settlement and objections hereto.

the settlement. The *Heit* court discussed authorities holding that class counsel's obligation is to the class as a whole,[3] that the objecting class representative should be given an opportunity to retain new counsel to represent him in objecting to the settlement,[4] and that class counsel must inform the court of the class representative's objection so that the class representative can pursue his objections with a new lawyer.[5] The *Heit* court ultimately ruled that plaintiff/class representative Heit "should have the opportunity to pursue his objections with a new lawyer if he so chooses. As such, the court grants Plaintiff counsel's Motion to Withdraw as Mr. Heit's counsel." 125 F. Supp. 2nd at 494.

Other decisions similarly favor separate representation by the objectors to and proponents of a class-wide settlement. *See, e.g, Ayers v. Thompson*, 358 F.3d 356, 373 (5th Cir. 2004) (citing *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 174-75 (5th Cir. 1983); *Parker v. Anderson*, 667 F.2d 1204, 1207-08, 1214 (5th Cir. 1982) (affirming a district court's approval of a settlement of a class-action suit even though nine of the eleven named plaintiffs opposed the settlement); *Maywalt v. Parker & Parsley Petroleum Co.*, 864 F. Supp. 1422, 1429-30 (S.D.N.Y. 1994) (holding that settlement was fair, adequate, and reasonable despite objections from class representatives and some class members); *Lazy Oil Co. v. Witco Corp.*, 166 F.3d 581, 591 (3d Cir. 1999) (affirming order approving settlement of class action and denying lead plaintiff's objections and motions for certification of subclass and disqualification of class counsel); *Laskey v. International*

---

[3]   *Kincade v. General Tire and Rubber Co.,* 635 F.2d 501, 508 (5th 1981).

[4]   *Flinn v. FMC Corp.,* 528 F.2d 1169, 1174 (4th Cir. 1975).

[5]   *Saylor v. Lindsley.,* 456 F.2d 896, 900 (2d Cir. 1972).

*Union, UAW*, 638 F.2d 954, 957 (6th Cir. 1981) ("That the class counsel proposed a settlement which the named representatives opposed does not prove that the interests of the class were not protected.");

### L.R. 83.5.2 Also Supports Counsel's Motion

Pursuant to L.R. 83.5.2, "[a] attorney may withdraw from a case by serving notice of his withdrawal on his client and all other parties and filing the notice, provided that (1) such notice is preceded or accompanied by notice of the appearance of other counsel; (2) there are no motions pending before the court; (3) no trial date has been set; and (4) no hearings or conferences are scheduled, and no reports, oral or written, are due. Unless these conditions are met, an attorney (including one whose services have been terminated by his client) may withdraw from a case only by leave of court."

Leave of court should be granted here. On November 9, 2009, a Notice of Appearance was filed on behalf of Plaintiff Hochstadt by Anne Hoffman (of Lynch, Brewer, Hoffman & Fink LLP), and Attorney Hoffman on that day filed a motion for the admission *pro hac vice* of Joy Hochstadt, Esq. Plaintiff Hochstadt thus has separate representation through which to present his objections to the proposed class action settlement and otherwise represent his interests. Given Withdrawing Counsel's position in favor of the proposed settlement and Plaintiff Hochstadt's opposition to the settlement, and Plaintiff Hochstadt's separate representation, leave to withdraw should be granted.

Dated: November 11, 2009

                              STULL, STULL & BRODY

                        By: s/ Edwin J. Mills
                           Edwin J. Mills
                           6 East 45th Street
                           New York, NY 10017
                           (212) 687-7230

HARWOOD FEFFER LLP
Robert I. Harwood
Matthew M. Houston
Jennifer K. Hirsh
Tanya Korkhov
488 Madison Avenue
New York, NY 10022
(212) 935-7400

MILBERG LLP
Lori G. Feldman
Arvind Khurana
Leigh Smith
Sara Fuks
One Pennsylvania Plaza
New York, NY 10119
(212) 594-5300

Counsel for Plaintiffs Hazelrig and the Proposed Class

MOULTON & GANS, P.C.
Nancy F. Gans
55 Cleveland Road
Wellesley, MA  02481
(781) 235-2246

Liaison Counsel for Plaintiffs

### CERTIFICATE OF SERVICE

I, Edwin J. Mills, hereby certify that a true copy of the above document was served upon the attorney of record for each party via ECF and upon John Gueli, Robert Hochstadt, Attorney Joy Hochstadt and Anne Hoffman by electronic mail.

/s/  Edwin J. Mills
Edwin J. Mills