UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HOCHSTADT, et al.           )
                            )
v.                          )    08-CV-12139-DPW
                            )
BOSTON SCIENTIFIC CORPORATION, et al. )
                            )

# PLAINTIFFS' MOTION FOR ORDER
# PRELIMINARILY APPROVING SETTLEMENT

Nancy Freeman Gans
**MOULTON & GANS, P.C.**
55 Cleveland Road
Wellesley, MA 02481
Telephone: (781) 235-2246
Facsimile: (781) 239-0353

*Liaison Counsel*

Lori G. Feldman
Leigh Smith
Arvind Khurana
Sara E. Fuks
**MILBERG LLP**
One Pennsylvania Plaza
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

Robert I. Harwood
Jennifer K. Hirsh
Tanya Korkhov
**HARWOOD FEFFER LLP**
488 Madison Avenue
New York, NY 10022
Telephone: (212) 935-7400
Facsimile: (212) 753-3630

-and-

Edwin J. Mills
**STULL, STULL & BRODY**
6 East 45th Street
New York, NY 10017
Telephone: (212) 687-7320
Facsimile: (212) 490-202

*Counsel for Plaintiffs Hazerlrig, Fletcher, Lowe and the Proposed Settlement Class*

Plaintiffs Edward Hazelrig, Jr., Douglas Fletcher and Michael Lowe ("Settling Plaintiffs"), through their counsel, and pursuant to Rule 23 of the Federal Rules of Civil Procedure, move this Court for an Order:

1. Preliminarily approving the settlement of the above-captioned action, *Hochstadt, et al. v. Boston Scientific Corp., et al.*, No. 08-CV-12139-DPW, *In re Boston Scientific Corp. ERISA Litig.*, No. 06-10105-JLT (D. Mass.) and *In re Boston Scientific Corp. ERISA Litig.*, (First Circuit Appeal No, 08-2568) (collectively, the "Actions") under the terms of the Stipulation and Agreement of Settlement (the "Stipulation") attached as Exhibit A to the accompanying Declaration of Robert I. Harwood in Support of Motion for Order Preliminarily Approving Settlement ("Harwood Decl."), pending a final hearing on the matter;

2. Preliminary approving the maintenance of the Actions as a mandatory non-opt out class action for purposes of settlement pursuant to Fed. R. Civ. P. 23(a) and 23(b)(1) and certifying the following Class:

> All Participants in the Boston Scientific Corporation 401(k) Retirement Savings Plan (the "Plan") during the period from May 7, 2004 through January 26, 2006 (inclusive) (the "Class Period") for whose individual accounts the Plan held an interest in Boston Scientific common stock at any time during the Class Period. Excluded from the Class are Defendants, members of the Defendants' Immediate Families, any officer, director or principal stockholder of Boston Scientific under Section 16 of the Securities Exchange Act of 1934, any entity in which a Defendant has a controlling interest, and their heirs, Successors-In-Interest, or assigns (in their capacities as heirs, Successors-In-Interest, or assigns);

3. Designation of settling plaintiffs Edward Hazelrig, Jr., Douglas Fletcher and Michael Lowe as representatives of the Settlement Class and the designation of Milberg LLP and Harwood Feffer, LLP as class counsel for the Settlement Class;

4.  Approving the form and manner of notice to the Settlement Class attached as Exhibit 2 to the Proposed Order For Notice and Hearing, attached as Exhibit B to the Stipulation and also attached hereto;

5.  Preliminarily Approving the Plan of Allocation, attached as Exhibit D to the Stipulation;

6.  Setting the date for a hearing to consider final approval of the Settlement of the Actions, and dates leading up to the hearing as follows:

| | |
|---|---|
| Class Notice Mailed to Class Members ("Notice Date") (Proposed Order for Notice and Hearing, ¶ 13) | At least 21 days after entry of Order for Notice and Hearing and at least 90 days before the objection deadline |
| Deadline for objecting to the Settlement, Plan of Allocation, and the request for attorneys' fees and expenses (Proposed Order for Notice and Hearing, ¶ 19) | At least 28 business days before the Fairness Hearing and at least 90 days from the Notice Date |
| Fairness Hearing (Proposed Order for Notice and Hearing, ¶ 8) | At the Court's convenience, at least 28 days after the objection deadline |

Settling Plaintiffs respectfully request that the Court grant the instant motion and enter the [Proposed] Order, attached hereto as Exhibit A, pursuant to Fed. R. Civ. P. 23(e).

DATED:   December 1, 2009

Respectfully submitted,

By: /s/ Nancy Freeman Gans
Nancy Freeman Gans, BBO #18450
**MOULTON & GANS, P.C.**
55 Cleveland Road
Wellesley, MA 02481
Telephone: (781) 235-2246
Facsimile: (781) 239-0353
*Liaison Counsel for Settling Plaintiffs*

Lori G. Feldman
Leigh Smith
Arvind B. Khurana

Sara E. Fuks
**MILBERG LLP**
One Pennsylvania Plaza
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

Robert I. Harwood
Jennifer K. Hirsh
Tanya Korkov
**HARWOOD FEFFER LLP**
488 Madison Avenue
New York, NY 10022
Telephone: (212) 935-7400
Facsimile: (212) 753-3630

Edwin J. Mills
**STULL, STULL & BRODY**
6 East 45th Street
New York, NY 10017
Telephone: (212) 687-7320
Facsimile: (212) 490-2022

***Counsel for Plaintiffs Hazelrig, Fletcher, Lowe and the Proposed Settlement Class***

## LOCAL RULE 7.1 CERTIFICATE

I, Paul J. Andrejkovics, hereby certify that I conferred *via* telephone and email throughout October and November 2009 with John Gueli of Shearman & Sterling, counsel for Defendants. Defendants do not oppose this motion.

/s/ Paul J. Andrejkovics
Paul J. Andrejkovics

## LOCAL RULE 7.1 CERTIFICATION

I, Arvind Khurana, hereby certify that I conferred *via* telephone on November 30, 2009 with Joy Hochstadt of Joy Hochstadt, P.C., Attorneys at Law, counsel for Robert Hochstadt. Robert Hochstadt opposes this motion.

/s/ Arvind Khurana
Arvind Khurana

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| HOCHSTADT, et al. | Case No. 08-CV-12139-DPW |
| v. | |
| BOSTON SCIENTIFIC CORPORATION, et al. | |

---

## [PROPOSED] ORDER FOR NOTICE AND HEARING

This action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA"), with respect to the Boston Scientific Corporation 401(k) Retirement Savings Plan (the "Plan").

Presented to the Court is a proposed Settlement of the ERISA Actions as against all Defendants.[1] The terms of the Settlement are set out in the Stipulation executed by Plaintiffs' Co-Lead Counsel and Defendants' Counsel.

The Court has considered the proposed Settlement to determine, among other things, whether to certify a class for settlement purposes and whether the Settlement is sufficient to warrant the issuance of notice to the Proposed Class Members once certified. The Court having read and considered the Stipulation and the accompanying documents, and the Parties to the Stipulation having consented to the entry of this Order, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

---

[1] Capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Parties' Stipulation and Agreement of Settlement dated December 1, 2009 (the "Stipulation").

1. The Court has jurisdiction over the subject matter of the Instant Action, all members of the Proposed Class, and all Defendants pursuant to 29 U.S.C. § 1132(e).

2. The Court preliminarily finds that the requirements of the United States Constitution, the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Massachusetts, and any other applicable laws have been met as to the "Class" defined below, in that:

   (a) The Class is cohesive and well defined;

   (b) The members of the Class are ascertainable from records kept with respect to the Plan, and the members of the Class are so numerous that their joinder before the Court would be impracticable;

   (c) Based on allegations in the ERISA Action complaints, there are one or more questions of fact and/or law common to the Class;

   (d) Based on allegations in the ERISA Action complaints, the claims of the Named Plaintiffs are typical of the claims of the Class;

   (e) The Named Plaintiffs will fairly and adequately protect the interests of the Class in that: (i) the interests of the Named Plaintiffs and the nature of their claims are consistent with those of the members of the Class; (ii) there appear to be no conflicts between or among the Named Plaintiffs and the Class; and (iii) the Named Plaintiffs and the members of the Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated ERISA class actions; and

   (f) The prosecution of separate actions by individual members of the Class would create a risk of: (i) inconsistent or varying adjudications as to individual Class members

that would establish incompatible standards of conduct for the parties opposing the claims asserted in the ERISA Actions; or (ii) adjudications as to individual Class members that would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede the ability of those Persons to protect their interests.

3. Based on the findings set out in paragraph 2 above, the Court preliminarily certifies the following class (the "Class") for settlement purposes under Fed. R. Civ. P. 23(b)(1):

> All Participants in the Plan for whose individual accounts the Plan held an interest in Boston Scientific common stock at any time during the Class Period. Excluded from the Class are Defendants, members of the Defendants' Immediate Families, any officer, director or principal stockholder of Boston Scientific under Section 16 of the Securities Exchange Act of 1934, any entity in which a Defendant has a controlling interest, and their heirs, Successors-In-Interest, or assigns (in their capacities as heirs, Successors-In-Interest, or assigns).

4. Based on the findings set out in paragraph 2(e) above, the Court finds that the Named Plaintiffs Edward Hazelrig, Jr., Douglas Fletcher, and Michael Lowe are adequate class representatives of the Class and, therefore, the Court preliminarily appoints Edward Hazelrig, Jr., Douglas Fletcher, and Michael Lowe as class representatives for the Class.

5. Under Fed. R. Civ. P. 23(g), the Court has considered: (i) the work class counsel has done in identifying or investigating potential claims in this action; (ii) class counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in this action; (iii) class counsel's knowledge of the applicable law and, in particular, its knowledge of ERISA as it applies to claims of the type asserted in this action; and (iv) the resources class counsel has committed to representing the class. Based on these factors, the Court finds that class counsel has and will continue to fairly and adequately represent the interests of the Class.

Accordingly, the Court hereby appoints Milberg LLP and Harwood Feffer LLP as joint lead counsel for the Class ("Plaintiffs' Co-Lead Counsel").

6. The Court having preliminarily determined that the Instant Action may proceed as a non-opt-out class action under Fed. R. Civ. P. 23(a) and 23(b)(1), Class members shall be bound by any judgment concerning the Settlement, subject to the Court's final determination as to whether the Settlement may proceed.

7. The Court finds that the proposed Settlement appears to be within the range of reasonableness and accordingly should be submitted to the Class as: (a) fair, reasonable, and adequate; (b) the product of serious, informed, arm's length, and non-collusive negotiations; (c) having no obvious deficiencies; (d) not improperly granting preferential treatment to Class representatives or segments of the Class; (e) falling within the range of possible approval; and (f) warranting notice to Class members of a formal fairness hearing, at which evidence may be presented in support of and in opposition to the proposed Settlement.

8. A hearing (the "Fairness Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on _____, 2010 [a date at least 28 days after the deadline for filing and serving objections to the Settlement described in paragraph 19 below], at ___:_____ __.m. for the following purposes:

    (a) to make a final determination as to whether the Instant Action satisfies the applicable prerequisites for class action treatment under Rules 23(a) and (b) of the Federal Rules of Civil Procedure;

    (b) to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c) to determine whether an Order of Final Judgment, substantially in the form of Exhibit C to the Stipulation, should be entered, which would, among other things, dismiss the Instant Action with prejudice, and to determine whether the release by the Class of the Settled Claims, as set forth in the Stipulation, should be provided to the Released Parties;

(d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

(e) to consider Plaintiffs' Co-Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses;

(f) to consider the application for case contribution awards for the Named Plaintiffs; and

(g) to rule upon such other matters as the Settlement contemplates and as the Court may deem just and proper.

9. The Fairness Hearing may be adjourned by the Court without notice to the Proposed Class other than by an announcement of the adjournment at the scheduled time of the Fairness Hearing or at the scheduled time of any adjournment of the Fairness Hearing. The Court may consider modifications of the Settlement (with the consent of Named Plaintiffs and the Defendants) without further notice to the Proposed Class.

10. The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Judgment approving the Stipulation and dismissing the Instant Action with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses or Named Plaintiff case contribution awards.

11.    The Court approves the form, substance and requirements of the Notice of Proposed Settlement With Defendants, Motion for Attorneys' Fees and Reimbursement of Expenses and Fairness Hearing (the "Notice"), attached as Exhibit 1.

12.    With respect to such form of Notice, the Court finds that such Notice fairly and adequately: (a) describes the terms and effect of the Settlement; (b) notifies the Proposed Class concerning the proposed Plan of Allocation described in the Notice; (c) notifies the Proposed Class that Plaintiffs' Co-Lead Counsel will seek from the Gross Settlement Fund awards of attorneys' fees and reimbursement of expenses and case contribution awards for the Named Plaintiffs; (d) notifies the Proposed Class of the time and place of the Fairness Hearing; and (e) describes how the recipients of the Notice may object to approval of the Settlement.

13.    The Court approves the selection of Gilardi & Co. LLC as the Administrator. On or before _____, 20____ [a date at least 21 days from entry of this Order and at least 90 days before the deadline for filing and serving objections to the Settlement described in paragraph 19 below], the Administrator shall (a) send the Notice, by first class mail, postage prepaid, to all Proposed Class Members who can be identified with reasonable effort at each such Proposed Class Member's last known address, and (b) place the Notice on a web page accessible by all Proposed Class Members.

14.    The Court approves the form of Publication Notice of the summary notice of proposed Settlement and hearing in substantially the form and content attached hereto as Exhibit 2 and directs that Plaintiffs' Co-Lead Counsel shall cause the Publication Notice to be transmitted over the National Circuit of *Business Wire* within ten days of the mailing of the Notice.

6

15. At or before the Fairness Hearing, Plaintiffs' Co-Lead Counsel shall file with the Court proof of timely compliance with the foregoing mailing and publication requirements.

16. This civil action was commenced after February 18, 2005. The Court directs Defendants to notify the appropriate Federal and State officials under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715. At or before the Settlement Fairness Hearing, Defendants' Counsel shall file with the Court proof of compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

17. The form and content of the Notice and the Publication Notice, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, (a) are appropriate and reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to notice; and (b) meet all applicable requirements of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, due process, and any other applicable law and constitute the best notice practicable under the circumstances.

18. Defendants shall reasonably cooperate with Plaintiffs' Co-Lead Counsel in obtaining and providing the information necessary to accomplish the notice provided for in this Order, as provided in the Stipulation.

19. The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, Plaintiffs' Co-Lead Counsel's request for attorneys' fees and reimbursement of expenses, or case contribution awards for the Named Plaintiffs, only if such comments or objections and any supporting papers are served on or before _____, 2010 [a date at least 90 days after the mailing described in paragraph 13 above], upon each of the following:

7

**PLAINTIFFS' CO-LEAD COUNSEL:**

| | |
|---|---|
| Lori G. Feldman<br>Milberg LLP<br>One Penn Plaza<br>New York, NY 10119-0165 | Robert I. Harwood<br>Harwood Feffer LLP<br>488 Madison Avenue, 8th Floor<br>New York, NY 10022 |

**DEFENDANTS' COUNSEL:**

| | |
|---|---|
| John Gueli<br>Shearman & Sterling LLP<br>599 Lexington Avenue<br>New York, NY 10022-6060 | William H. Paine<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>60 State Street<br>Boston, MA 02019 |

and the objector has filed the objections and any supporting papers, showing due proof of service upon counsel identified above, with the Clerk of the Court, United States District Court, District of Massachusetts, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210. Attendance at the Fairness Hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, Plaintiffs' Co-Lead Counsel's request for attorneys' fees and reimbursement of expenses, or case contribution awards for the Named Plaintiffs are required to state in their written objection their intention to appear at the Fairness Hearing. Persons who intend to object to the Settlement, the Plan of Allocation, Plaintiffs' Co-Lead Counsel's request for attorneys' fees and reimbursement of expenses, or case contribution awards for the Named Plaintiffs and who wish to present evidence at the Fairness Hearing must include in their written objections the identity of any witness they may call to testify and exhibits they intend to introduce into evidence at the Fairness Hearing.

20.  Defendants' Counsel and Plaintiffs' Co-Lead Counsel shall promptly furnish each other with copies of any and all objections and notices of intention to appear at the Fairness Hearing that come into their possession.

21. Any member of the Class or other Person who does not timely file and serve a written objection complying with the terms above shall be deemed to have waived, and shall be forever foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

22. Pending final determination of whether the Settlement should be approved, the Named Plaintiffs, all Proposed Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Settled Claims against any Released Party. Pending the Fairness Hearing, the Court stays all proceedings in the Instant Action, other than those proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.

23. In the event that the Effective Date of the Settlement does not occur, this Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing as of the day the Memorandum of Understanding was fully executed (pursuant to the provisions of paragraph 8.3 of the Stipulation). In such event, Paragraph 8.3 of the Stipulation shall govern the rights of the Parties.

24. Under no circumstances shall this Order, the Stipulation, any of their terms and provisions, the negotiations or proceedings connected with them, or any of the documents or statements referred to therein, be construed, deemed or used as an admission, concession or declaration by or against any of the Defendants of any fault, wrongdoing, breach or liability. Nor shall this Order, the Stipulation, any of their terms and provisions, the negotiations or proceedings connected with them, or any of the documents or statements referred to therein, be construed, deemed or used as an admission, concession or declaration by or against Named Plaintiffs or the Class that their claims lack merit or that the relief requested in the ERISA

Actions is inappropriate, improper or unavailable, or as a waiver by any party of any defenses or claims he, she or it may have.

25. All reasonable costs and expenses incurred in identifying and providing notice to Class Members and in administering the Settlement shall be paid as set forth in the Stipulation, without further order of the Court.

26. The Gross Settlement Fund shall constitute a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1.

27. The Court retains jurisdiction over all proceedings arising out of or related to the Settlement.

SO ORDERED this _____ day of _____, 2010.

_____
The Honorable Douglas P. Woodlock
United States District Judge

## CERTIFICATE OF SERVICE

I, Nancy Freeman Gans, hereby certify that a true copy of the above document was served upon the attorney of record for each party via ECF.

/s/ Nancy Freeman Gans
Nancy Freeman Gans

5