UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HOCHSTADT, et al.<br><br>v.<br><br>BOSTON SCIENTIFIC CORPORATION, et al. | 08-CV-12139-DPW |

### DECLARATION OF ROBERT I. HARWOOD IN SUPPORT OF MOTION FOR ORDER PRELIMINARY APPROVING SETTLEMENT

I, Robert I. Harwood, hereby declare under penalty of perjury:

1. I am a member of the law firm of Harwood Feffer LLP, which together with Milberg LLP, Stull, Stull & Brody and Moulton & Gans, P.C., is counsel for Edward Hazelrig, Jr., Douglas Fletcher and Michael Lowe ("Settling Plaintiffs") in the above captioned action, *Hochstadt, et al. v. Boston Scientific Corp., et al.*, No. 08-CV-12139-DPW (the "Instant Action" or "*BSC II*") and *In re Boston Scientific Corp. ERISA Litig.*, D. Mass. No. 06-10105-JLT, currently on appeal (1st Cir., Appeal No. 08-2568) ("*BSC I*") (collectively, the "Actions").

2. I submit this declaration in support of the Settling Plaintiffs' motion, pursuant to Rule 23(e) seeking entry of an order granting preliminary approval of the proposed settlement of the Actions.

3. Attached hereto as Exhibit 1 is a true and correct copy of the Stipulation and Agreement of Settlement, dated December 1, 2009 (the "Stipulation").[1]

4. The Settlement involves class actions brought on behalf of all participants and beneficiaries in the Boston Scientific Corporation 401(k) Retirement Savings Plan (the "Plan")

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Stipulation.

during the period from May 7, 2004 through January 26, 2006 (inclusive) (the "Class Period") on whose behalf the Plan held Company Stock during the Class Period.

5.   Pursuant to the Stipulation, Boston Scientific Corporation ("Boston Scientific" or the "Company") and its insurer, St. Paul Mercury Insurance Company ("St. Paul"), will provide a cash payment of $8.2 million (the "Settlement Amount") to be distributed to the members of the Settlement Class.

**Overview of the Actions**

6.   In early 2006, several putative class actions alleging violations of ERISA were filed against one or more of the Defendants. On April 3, 2006, the Honorable Joseph L. Tauro granted a motion to consolidate those actions and appointed Douglas Fletcher, Michael Lowe, Jeffrey Klunke and Robert Hochstadt as interim co-lead plaintiffs. On August 23, 2006, after continuing an extensive investigation into the allegations, a Consolidated Class Action Complaint was filed with the Court. On October 10, 2006, Defendants moved to dismiss the consolidated complaint. By order dated August 27, 2007, the District Court denied Defendants' motion in significant part. The Court sustained the complaint in most respects, but dismissed Plaintiffs' claims under ERISA Section 502(a)(3).

7.   Thereafter, the Parties commenced fact discovery. Co-Lead Counsel negotiated with defense counsel for extensive document discovery, including the production of millions of pages of documents and a comprehensive electronic discovery program. The negotiations over discovery were hard-fought, and the discovery was complex, costly and required much time and effort.

8.   Simultaneously with conducting discovery, on March 12, 2008, *BSC I* plaintiffs moved to certify a class under Fed. R. Civ. P. 23(a) and (b)(1). On March 28, 2008, Interim Co-

Lead Plaintiff Klunke withdrew from the action. On April 7, 2008, Interim Co-Lead Plaintiff Hochstadt withdrew from the action. On June 30, 2008, Hochstadt filed a Motion to Intervene in the action as an additional proposed class representative. On November 3, 2008, Judge Tauro dismissed *BSC I* after finding that proposed class representatives Fletcher and Lowe lacked Article III standing, and denied Hochstadt's motion to intervene.

9. On December 2, 2008, *BSC I* plaintiffs and Hochstadt filed a Notice of Appeal. Counsel for the Parties attended a mandatory pre-argument settlement conference before the Honorable Neil L. Lynch, Settlement Counsel for the First Circuit, on February 10, 2009. Unable to settle the Actions at that juncture, the Parties moved forward with briefing the appeal. Oral argument was scheduled to take place on September 14, 2009, but was taken off calendar on account of the Settling Parties' notification to the Circuit Court of the pending Settlement.

10. In the Order dismissing *BSC I*, Judge Tauro suggested that Hochstadt could file another action individually or on behalf of a class should he wish to further pursue his rights. *In re Boston Scientific Corp. ERISA Litig.*, 254 F.R.D. 24, 31. On December 24, 2008, Plaintiffs Hochstadt and Hazelrig filed the Instant Action. The Parties and their counsel resumed fact discovery where they left off in *BSC I*.

11. The Parties' counsel met and conferred several times and agreed to an aggressive schedule to complete fact discovery. The Parties and their counsel agreed that all documents produced in *BSC I* would be deemed produced in *BSC II*. Discovery in *BSC I* was hard-fought, and *BSC II* was no different, with counsel presenting some of the disputes to the Court at the April 10, 2009 initial scheduling conference. Co-lead Counsel employed state-of-the-art computerized review tools to review the 3 million plus pages of documents produced by Defendants and third parties as efficiently as possible to best prepare for and take fact

depositions prior to the discovery cutoff. In addition, Co-lead Counsel deposed several witnesses, including the Plan administrator and an outside consultant to the Plan. Co-lead Counsel noticed over a dozen additional depositions, including having filed a motion for letters rogatory to obtain discovery from Medinol Ltd. in Israel. However, those depositions and other discovery was stayed in light of the Settlement.

12. On June 5, 2009, plaintiffs filed a motion for class certification. Defendants deposed the plaintiffs and thereafter, filed their opposition to the class motion on August 3, 2009. On October 1, 2009, plaintiffs filed their reply papers. After receiving notification of the Settlement, the Court terminated the motion for class certification.

**Settlement Negotiations**

13. The Parties and their counsel first discussed settlement of the Actions on February 10, 2009, when they attended the mandatory pre-argument settlement conference in the First Circuit. However, the Parties could not reach an agreement at that time.

14. At the initiation of Defendants, on or about August 14, 2009, the Parties resumed settlement discussions. For almost a month, the Parties engaged in numerous discussions, exchanging multiple settlement proposals. The negotiations were hard fought, and included participation by Boston Scientific's general counsel.

15. On or about the evening of September 11, 2009, the Parties and their counsel reached an agreed compromise to settle the Actions for $8.2 million payment in cash by Defendants plus a payment by Boston Scientific of up to a half of Settlement administration costs up to $25,000. The $8.2 million Settlement Fund is comprised of both the remainder of a fiduciary insurance policy maintained by Boston Scientific and a direct payment by the Company.

16.   Settling Plaintiffs and their counsel strongly believe that the resulting Settlement is an excellent one for the Settlement Class in light of the depleting insurance proceeds, the risk that damages could be limited to $30 million.  Significantly, the $8.2 million Settlement Amount provides for immediate cash payment in the face of the numerous risks of continued litigation.

17.   The Settling Parties notified the District Court and the First Circuit of the existence of an agreement-in-principle and began negotiating the terms of the Memorandum of Understanding ("MOU"), which was executed on September 30, 2009 (appended to the Stipulation as Exhibit A).  Following the execution of the MOU, to promptly and fully resolve and settle with finality all of the Released Claims, for themselves and on behalf of the Settlement Class, the Parties spent two additional months negotiating the terms and conditions set forth in the Settlement Agreement, including the forms of the proposed Preliminary Approval Order, Class Notice, and the proposed Final Order and Judgment, attached as Exhibits 1 and 2 to Exhibit B and Exhibit C to the Stipulation, respectively.  *See* Exhibit 1, Stipulation at 19, 22 ¶¶ 4.2, 6.1, 7.1.

18.   Pursuant to the Stipulation, the proceeds of the Settlement shall be distributed to the Proposed Class Members according to the Plan of Allocation, attached as Exhibit D to the Stipulation.

19.   Attached hereto as Exhibit 2 is a true and correct copy of the November 3, 2008 order dismissing *BSC I*.

20.   Attached hereto as Exhibit 3 is a true and correct copy of the firm résumé of Milberg LLP.

21.   Attached hereto as Exhibit 4 is a true and correct copy of the firm résumé of Harwood Feffer LLP.

22. Settling Plaintiffs' Counsel has conferred with Defendants, and Defendants consent to the relief requested in this motion. Settling Plaintiffs' Counsel has conferred with Hochstadt's counsel, and Hochstadt opposes the relief requested in this motion.

DATED:    December 1, 2009

_____
ROBERT I. HARWOOD

**CERTIFICATE OF SERVICE**

      I, Nancy Freeman Gans, hereby certify that a true copy of the above document and accompanying exhibits was served upon the attorney of record for each party via ECF.

      /s/ Nancy Freeman Gans
      Nancy Freeman Gans